FILED
2017 Aug-09 PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISCTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **JANE DOE** | ) |
|     **Plaintiff,** | ) |
| **Vs.** | ) |
| | )    **CASE NO.:** |
| **THE UNIVERSITY OF NORTH ALABAMA** | |
| | )    **JURY DEMANDED** |
|     **Defendant.** | ) |

## COMPLAINT

### PRELIMINARY STATEMENT AND INTRODUCTION

1. This is a civil action for declaratory, injunctive and monetary relief for injuries the Plaintiff Jane Doe sustained as a result of the acts and omissions of The University of North Alabama, hereinafter referred to as "UNA" relating to a sexual assault upon Plaintiff by a UNA Professor and UNA's deliberate indifference in response to the actions of the Professor in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX") and under Alabama State Law for Negligent Hiring, Negligent Supervision, Negligent and/or

Malicious Retention, Negligent Training, and Intentional Infliction of Emotional Distress.

2. Plaintiff asserts liability for damages under Title IX under two separate theories: 1) Deliberate Indifference and clearly unreasonable acts and omissions *before* that led to the hiring of the Professor and allowing said Professor to take students to a UNA sponsored competition **alone** where he committed the sexual assault upon the Plaintiff; and 2) Deliberate Indifference and a clearly unreasonable response *after* the sexual assault.

3. UNA had actual notice of the sexual assault and intentionally acted in a clearly unreasonable manner and with deliberate indifference to the known sexual assault unlawfully discriminating against Plaintiff .

4. UNA is in clear violation of Title IX and the Plaintiff's constitutional right to equal protection.  The University of North Alabama did not conduct a hearing and retained the Professor who committed the sexual assault upon the Plaintiff after having actual notice of the sexual assault.

5. UNA, with deliberate indifference to the rights of Plaintiff and in violation of Title IX, intentionally failed to pursue and complete an  investigative hearing and reporting process and allowed the Professor who committed sexual assault to continue work on campus and instead of pursing the complaint of sexual assault,

the University simply instructed the Plaintiff/Victim not to return to campus to avoid the Professor.

## PARTIES

6. Plaintiff Jane Doe is a resident of Lauderdale County, Alabama. Plaintiff Jane Doe was a student at the University of North Alabama at all times referenced in this complaint.

7. Defendant University of North Alabama, "UNA", is a comprehensive regional university which provides undergraduate and graduate educational programs.

8. Defendant University of North Alabama, "UNA", receives state and federal funding and is subject to Title IX of the Education Amendments of 1972, 20 USC §1681 *et. seq.*

## JURISDICTION

9. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 and the Supremacy Clause, Article VI, Clause 2, of the United States Constitution.

10. Venue is proper in the Northern District Northwestern Division of the United States District Court pursuant to 28 U.S.C. §1391(c)(2) because, *inter alia,* UNA resides in the Northern District, Northwestern Division, and is subject to this Court's personal jurisdiction.

## FACTUAL ALLEGATIONS

11. In the Fall of 2015, Plaintiff, Jane Doe, was a Junior enrolled full time at the University North Alabama, UNA, as a Marketing Major.

12. One of the classes required for Plaintiff's major was a Sales Class.

13. David Dickerson, was hired by the UNA to teach Marketing and Sales in UNA's Business Department.

14. Professor David Dickerson and was assigned to teach the only sales class offered during the Fall Semester of 2015.

15. In November of 2015 two (2) boys and two (2) girls from the sales class were chosen to attend a UNA sponsored Intern Sales Conference/Competition in Orlando, Florida.

16. Two (2) UNA professors were scheduled to attend namely, Dr. Jerome Gafford and Professor David Dickerson.

17. Despite both professors being scheduled to attend, Professor David Dickerson was allowed to accompany the students to Orlando alone.

18. The four students, including Plaintiff, and Professor David Dickerson arrived in Orlando, Florida for the Sales Conference/Competition on November 7, 2015.

19. Plaintiff competed in her chosen category on November 8, 2015.

20. After competition, Plaintiff returned to the hotel, changed into her swimsuit,

and went to the pool at the hotel.

21. Plaintiff went to the pool alone.

22. While Plaintiff was swimming, Professor David Dickerson came down to the pool.

23. Professor David Dickerson got in the pool and began touching Plaintiff.

24. Plaintiff got out of the pool and Professor David Dickerson followed.

25. Professor David Dickerson sat next to Plaintiff alongside the pool and continued to touch and paw at Plaintiff.

26. Professor David Dickerson then grabbed Plaintiff and pulled Plaintiff onto his lap and began kissing her.

27. Plaintiff pulled away and Professor Dickerson made a second attempt to pull the Plaintiff to him and kiss Plaintiff.

28. Plaintiff made the decision to leave the pool area and she got in the hot tub where two other individuals were thinking she would be safe from Dickerson's continued attacks.

29. Professor David Dickerson followed Plaintiff to the hot tub area.

30. Professor David Dickerson got in the hot tub and continued to paw at and touch Plaintiff.

31. Plaintiff got out of the hot tub and went to her room.

32. Plaintiff was unaware that the two male UNA students on the trip were in

their hotel room, which overlooked the pool area, at the same time she was at the pool.

33. The two male UNA students witnessed, from their room and/or balcony, the Behavior from Professor David Dickerson upon Plaintiff and took pictures of the assault with their cell phones.

34. Plaintiff returned to her hotel room in shock from what had just occurred to her at the hands of Professor David Dickerson and confused about what she should do.

35. Later the same evening, Plaintiff and her UNA student roommate took an Uber to Universal Studios.

36. Professor David Dickerson called the girls and insisted he pick them up from the Theme Park and take them both to dinner.

37. Plaintiff, not knowing how to react in front of her roommate, kept quiet and went to dinner with her roommate and Professor David Dickerson.

38. The restaurant was across the street from the hotel.

39. At dinner, Professor David Dickerson purchased Plaintiff and her female roommate alcoholic beverages.

40. Plaintiff's roommate told her she was going back to the hotel for a minute and she would be right back, however she never came back to the restaurant.

41. Plaintiff was left alone in the restaurant with Professor David Dickerson.

42. Plaintiff remembers being in and out of consciousness and being walked back to the hotel by Professor David Dickerson.

43. Plaintiff remembers being undressed by Professor David Dickerson and not having the physical strength to fight Professor David Dickerson off of her.

44. When Plaintiff regained consciousness, she was naked.

45. Plaintiff immediately clothed herself and got out of the hotel room.

46. Professor David Dickerson called Plaintiff's cell phone and told her he **"hoped they could still be friends…I want us to be good friends"**.

47. Plaintiff was in shock at the events and did not know what to do.

48. Plaintiff quit going to Professor David Dickerson's class.

49. Plaintiff was afraid to be on campus for fear that she would run into Professor David Dickerson.

50. Shortly after the students return to Alabama, the two male UNA students reported Professor David Dickerson's behavior they witnessed at the hotel swimming pool to Dr. Jerome Gafford, who was the Head of the Business Department at UNA and the other professor who was supposed to attend the competition in Orlando.

51. The two male students showed Dr. Jerome Gafford the pictures they took at the hotel of Professor David Dickerson at the pool with Plaintiff.

52. Dr. Jana Beaver, Chair of the Department of Management and Marketing for

UNA text Plaintiff to come and talk to her about the incident.

53. Dr. Jana Beaver, Chair of the Department of Management and Marketing for UNA instructed Plaintiff not to attend class and to stay off campus.

54. No one at UNA ever took a written statement from Plaintiff.

55. No one at UNA ever reported the sexual assault of Plaintiff by Professor David Dickerson to Police.

56. Professor David Dickerson was allowed to stay on campus and finish out the terms of his contract with UNA.

57. Due to her fear of Professor David Dickerson, Plaintiff did not return to campus.

58. Plaintiff was then contacted by Dr. Jana Beaver, Chair of the Department of Management and Marketing and told, she should also stay away from the downtown area of Florence and to only go places with a friend because Professor David Dickerson was seen hanging out downtown.

59. Plaintiff sought counseling for the sexual assault from Ms. Jennifer Berry, the Senior Licensed Mental Health Counselor for Student Counseling Services at UNA.

60. Plaintiff was diagnosed with Post Traumatic Stress Disorder after being sexually assaulted by Professor David Dickerson.

61. Jennifer Berry agreed Plaintiff needed a medical leave from school as a

result of the assault by Professor David Dickerson and informed Plaintiff, she would approve the same.

62. After requesting the medical leave, Plaintiff was required to meet with Dr. David Shields, Vice President of Student Affairs for UNA to discuss her medical leave request.

63. Despite having been approved for medical leave due to the trauma Plaintiff was suffering from the sexual assault at the hands of Professor David Dickerson , UNA did not grant Plaintiff a medical leave.

64. In a clear and direct action to cover up the underlying reason for Plaintiff having to request medical leave, Dr. David Shields told Plaintiff , **"let's call it an Academic Leave".**

65. Several months later, Plaintiff received an email from Professor David Dickerson which stated, **"It has been over six months since we spoke, so I am sorry. Much to my dismay, I was compelled by UNA not to speak with anyone! What crazy, stupid and parochial minded people. Either way, I just want to say that aside from childish behavior, I command a great respect for you, and will be happy now to keep in touch with you! Friends forever! Feel free to contact me! Your friend, David."**

66. Based upon the email Plaintiff received from David Dickerson it is her

information and belief that UNA sent a No-Contact Directive to Professor David Dickerson but did nothing further to investigate the assault or protect Plaintiff.

67. Since the assault and Plaintiff's leave from school as a result thereof, Plaintiff learned Professor David Dickerson had been charged with Rape and Assault **prior to his employ with UNA**.

68. Plaintiff was informed by Dr. Jerome Gafford that **UNA failed to properly investigate and failed to do a background search on Professor David Dickerson prior to offering him an employment contract.**

69. Plaintiff was caused to suffer because of UNA's failure to protect her **before** the assault, from their deliberate indifference and failure to protect her **after** being assaulted and UNA's intentional actions to **cover up** the assault by denying Plaintiff medical leave and instead forcing her to take academic leave for the resulting trauma.

## COUNT ONE

## VIOLATION OF TITLE IX – 20 U.S.C. §1681 et.seq. (Title IX)

70. Plaintiff incorporates the preceding paragraphs as set forth fully herein.

71. Defendant UNA receives federal financial assistance for its education program. Therefore, UNA is subject to the provisions of Title IX of the Education Act of 1972, 20 U.S.C. §1681 *et.seq.*

72. An "appropriate person" at UNA had actual knowledge/notice of the sexual

assault as alleged by Plaintiff.

73. UNA acted with deliberate indifference to the sexual assault of Plaintiff by a UNA Professor at a UNA sponsored trip as its response to the assault or lack thereof was clearly unreasonable in light of the known circumstances.

74. UNA has liability for the sexual assault because after receiving actual notice of the sexual assault, which not only included a verbal report but documented photographs, the administration at UNA acted with deliberate indifference and intentionally violated Title IX :

   a) By its failure to immediately terminate Professor David Dickerson and allow him to continue to roam freely about campus.

   b) By allowing Professor David Dickerson to finish his contract while removing and restricting the Plaintiff/Victim from Campus and Classes.

   c) Acting without regard to the known risks of unreasonably failing to take prompt and adequate measures to remedy a substantial and known risk of sexual assault and rape by Professor David Dickerson upon Plaintiff and other female students.

   d) By its intentional refusal to allot Plaintiff a "medical leave" for the trauma that resulted from being sexually assaulted by her Professor and forcing Plaintiff to instead take "academic leave".

e) By its own admission, UNA failed to properly do a background check on Professor David Dickerson.

75. Had UNA not been deliberately indifferent to Plaintiff's sexual assault by a UNA Professor and further, had UNA not taken self-serving action to protect UNA and instead complied with federal law by acknowledging Plaintiff's sexual assault by a UNA Professor and employing disciplinary procedures that were prompt and equitable, Professor David Dickerson would have been immediately removed from the UNA campus as a threat and Plaintiff would have retained her access to campus and classes. Instead, **Plaintiff** was forced to leave campus, forced to take academic leave, delay her academic track and undergo further emotional trauma while UNA allowed an Accused Rapist to continue teaching.

76. Based on the foregoing factual allegations, Plaintiff avers that the actions of UNA and the failures of UNA constitute deliberate indifference by its administrators directly in violation of the rights of its students to be free from a sexually discriminatory and harassing environment.

77. Plaintiff would not have been subjected to the discriminatory acts of UNA itself (deliberate indifference and failure to perform necessary background checks) or to the discriminatory acts of an UNA employee under UNA's control had plaintiff not been a female victim of a male attacker. Accordingly, Plaintiff was denied educational opportunity on the basis of sex.

## COUNT TWO

## DECALATORY & INJUNCTIVE RELIEF

78. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

79. Plaintiff seeks a mandatory injunction ordering UNA to refrain from unlawful discrimination and/or retaliation, ordering UNA to undertake and rectify any and all Title IX violations and/or inequities, ordering UNA to refrain from creating and condoning a hostile sexual harassment and/or discrimination environment against individuals on the basis of sex by immediately ceasing deliberate indifference to sexual assaults, directly supporting, and maintaining employees accused of sexual assault and rape upon their students and fostering an environment which condones such actions by a Professor upon a female student.

## COUNT THREE

## NEGLIGENT AND/OR MALICICOUS RETENTION, SUPERVISION AND TRAINING

80. The Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if set forth fully herein.

81. This is a claim arising under the law of the State of Alabama to redress Defendant's negligent and/or malicious retention, training and supervision of David Dickerson.

82. By failing to have and/or to enforce a sexual harassment policy

and by failing to conduct sexual harassment training, Defendant negligently and/or maliciously failed to train David Dickerson on the subject of unlawful harassment which proximately caused the sexual assault of Plaintiff.

83. Defendant negligently and/or maliciously failed to terminate David Dickerson immediately after receiving actual notice of his sexual assault on a female student.

84. The act of sexual assault on the Plaintiff by her UNA Professor and Defendant UNA's deliberate indifference to such act caused Plaintiff great emotional distress and trauma, for which she seeks compensatory and punitive damages against Defendant.

## COUNT FOUR

## NEGLIGENT HIRING

85. The Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if set forth fully herein.

86. Defendant hired Professor David Dickerson without properly conducting a background check.

87. Had Defendant UNA properly investigated and performed a background check on David Dickerson the University would have been aware that he had former charges for the Rape and Assault of a nineteen (19) year old.

88. Defendant negligently and/or maliciously failed do a background check on David Dickerson which proximately caused the sexual assault of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

A. Defendant UNA be served with process and answer herein;

B. An award of damages in an amount to be established at trial, including, without limitation, reimbursement and prepayment for all Plaintiff's tuition or related expenses; payment of Plaintiff's expenses incurred as a consequence of the sexual assault; damages for deprivation of equal access to educational benefits and opportunities provided by UNA; and damages for past, present and future emotional pain and suffering, ongoing and severe mental anguish and loss of past, present and future enjoyment of life;

C. An Order enjoining UNA, along with all of its agents, employees, and those acting in concert therewith, from unlawful discrimination on the basis of sex, including the failure to address, prevent, and/or remedy sexual harassment.

D. Injunctive relief requiring UNA to redress its violations of Title IX including: 1) adoption of a "zero tolerance" policy under which there will be mandatory investigations into any allegations of sexual assault by an employee upon a student and immediate terminations thereto.

E. Attorney fees

F. Cost for trying this action

G. Costs to be taxed to Defendant

H. For such other and further relief as the Court may deem proper and

I. For pre and post judgement interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**RESPECTFULLY SUBMITTED this the 9th day of August, 2017**

*/s Terrinell Lyons (ASB-0346-N46T)*

*/s John Saylor (ASB-8627-Q55R )*

*/s Rodney Slusher (ASB-4984-L61R )*
*Attorneys for Plaintiff*

**OF COUNSEL**
Lyons Law Firm, Inc.
Terrinell Lyons, Esq.
612 South Court Street
Florence, Alabama 35630
(256) 768-0340 Phone
(256) 768-0346 Facsimile
terrinelllyons@aol.com


Rodney B. Slusher, Esq.
John Saylor, Esq.
425 North Court Street
Florence, Alabama 35630
(256) 764-4011 Phone
(256) 767-7484 Facsimile
rodatty1@bellsouth.net
john@johnsaylorlaw.com

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL**

**University of North Alabama**
**c/o ANY OFFICER OR AGENT**
**One Harrison Plaza**
**Florence, Alabama 35632**